Mateem-Malik-Men-Nefer-Shakur-Rā,
a private living being, Head of State/Creditor,
beneficiary to the Trust, MATEEM,HUDSON,
d/b/a MATEEM HUDSON ©®™



# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

UNITED STATES OF AMERICA,

        Real party in interest,

V.

Case No. _____

UNITED STATES OF AMERICA,

    Represented by illegally compelled

  public officer and agent Mateem:Hudson.

*42 USC 1983 Civil Action*
*Conditions of Confinement*
*Demand Settlement and Closure*
*by Interim Trustee*
*By Affidavit of the Beneficiary*
*Without Prejudice*

This is an action filed by Mateem-Malik:Hudson, human and beneficiary to the Trust MH who is wrongfully convicted under TDOC 505868 and warehoused at the Trousdale Turner Correctional Center ("TTCC") in Hartsville Tennessee; against the Defendants, both individually and in their official capacities, for acts which constitute malicious prosecution and failure to protect, which constitutes conditions of confinement claims under 42 U.S.C. § 1983 and T.C.A. 9-8-307 (E) Neglgent care, custody and control of persons (R) Claims for libel and/or slander where a state employee is determined to be acting within the scope of employment. Undersigned appearing in writing and in propria persona, not generally or voluntarily because I am under fraud, menace, duress, false arrest, false imprisonment, and extortion was used against me, a "Natural Man," a "Living Soul," Sui juris, who cannot make a decision for the Trust because the benefit for private use of the "res" was converted into public use for the public domain by public servants listed in this complaint as Respondent's and/or Defendants.

## Jurisdiction

293.    This Court has jurisdiction over the Relator's claims of violations of a federal right under 42 U.S.C. §§ 1331 (1) and 1343.

294.    This Court has supplemental jurisdiction over the Relator's state law tort claims under 28 U.S.C. § 1367.

## Cause of Action

295.    (1)  Defendant owed Trustor a duty of reasonable care. Defendant owed Trustor a duty of reasonable care to protect him from prosecutorial misconduct, malicious prosecution, intrinsic and extrinsic fraud and fraud on the court.

296.    (2)  Defendant breached that duty by causation and personal involvement. The defendants participated directly in the alleged constitutional violation. Defendants breached the Trust and abused the authority.

297.    (3)  Defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom.

298.    (4) City created a policy or custom that knowingly acquiesce prostitutes to work and make extra money in the City of Memphis as evidenced by statements made by Assist. Dist. Att. Abby Wallace during trial.

299.    (5) CITY OF MEMPHIS a municipal corporation, created a policy or custom that allow the proliferation of pronographic material within the jurisdiction of Shelby, Tennessee.

300.    M:MH was exposed to thousands of hours of pornographic material, a direct and proximate cause of injury to his health and safety.

301.    (6) The breach of duty resulted in damages. Relator lodge that he was exposed to a substantial and readily apparent risk, on December 14, 2008 to encounter prostitutes during his work load assignment by using the same public roads prostitutes are known to frequent and lure individuals with diminished capacities or irresistible impulses to their solicit acts.

302.    (7) The breach of duty proximately caused those damages. Defendants subjectively perceived facts from which to infer substantial risk to the injured party, that City policy makers did in fact draw the inference, and then disregarded that risk by simultaneously cutting budgets and defunding programs that create unemployment in the city of Memphis that causes young girls to prostitute themselves in order to make extra money; and also failed to keep patrolmen on the street to deter the proliferation of prostitution in the city of Memphis.

303.    (8) Defendant CITY OF MEMPHIS, a municipal corporation and the Criminal Broad of

Shelby County were deliberate indifferent to Grievant's mental defects.

304.     (9) Defendant T.D.O.C. a municipal corporation created a policy or custom of deliberate denial to Trustor' sexual addiction by not providing him a health outlet and was grossly negligent in supervising subordinates who breached their duty to protect him from violence at the hands of other prisoners for his inordinate behavior.

305.     (10) Defendant TDOC/TENNESSEE/CORECIVIC created a policy or custom to deny its prisoners conjugal visits. Defendants exhibited deliberate indifference to the rights of their prisoners whom they come into contact by failing to act on information and rights of other prisoners at other facility' in same or similar situations. Plaintiff Hudson' deprivation of sexual intercourse is a direct and proximate cause of Plaintiff Hudson' injury and unlawful restraint of a major life activity which violates **2000bb-1 Free exercise of religion protected (a)(c).**

306.     (9) A pattern and practice of withholding evidence from the defense, making inappropriate statements during trial, presenting fabricated evidence to the jury and denying plaintiff mental health needs were the direct and proximate cause of Plaintiff's injury, and M:MH has suffered and will continue to suffer compensable harm.

307.     CITY OF MEMPHIS created a policy or custom to admit hearsay statements that not only had a prejudicial effect on the outcome of the case at bar, but also has traditionally been excluded because of a fear that it is unreliable and generally not admissible under Tenn. R. Evid. 802.

308.     TENNESSEE created a policy or custom to deny it's pre trial detainees the right to a speedy trial in order to protect against having to defend stale charges. As a result Trustor through unwitting acquiescence and non full-disclosure was compelled to a fraudulent contract on January 15, 2015, because the government created an issue where none existed and then used its agency to unconstitutionally implement and execute incorrect legal standards to Tennessee statutes a direct a proximate cause of damage and injury to the injured party.

309.     CITY OF MEMPHIS/TENNESSEE/CORECIVIC created a policy or custom to house known STG gang members with non-gang members in the same residents, that caused damage to the Complaining party.

310.     CORECIVIC a municipal corporation created a policy or custom to illegally run a private prison with less or under staff its prison at Trousdale were the injured party is now incarcerated as a marketing strategy for mass incarceration which cause the injured party to suffer emotional distress, mental anguish, PTSD, mental pain, and psychological stress.

## The Parties

311.    Relator Mateem Hudson is an adult male and citizen of the republic, arising under the original jurisdiction of the de jure **Constitution for the united states of 1789,** and I explicitly reserve all of my rights. See **UCC 1-308/1-207.**

312.    I am not a UNITED STATES citizen or citizen of, or franchise of, or subject to, any foreign or domestic corporation, municipal corporation, commercial entity or government operating in a commercial capacity.

313.    In Accordance with (i.a.w.) **Congressional act of 1871** and USC Title 28, Part VI, chapter 176, sub chapter 176, subsection A, 3002 (15) *"United States" means* (A) *a Federal corporation.*

314.    Defendant TENNESSEE, INC. ("Defendant Tennessee") is a unit of the FEDERAL NATION. At all times relevant to this complaint, it legislated the ordinance, regulations, statues, and promulgated decisions for the city of Memphis.

315.    Because Defendant CITY OF MEMPHIS a municipal corporation and Criminal Board of Justice operates a jail housing individuals under arrest and confinement by Tennessee's Department of Corrections, it performs a public function traditionally reserved to the state and is therefore subject to suit under 42 U.S.C. § 1983.

316.    Defendant CoreCivic, Inc. ("Defendant CoreCivic") is a Maryland corporation authorized to transact business in the State of Tennessee. At all times relevant to this complaint, it operated Hardeman County Correctional Facility ("HCCF"), Whiteville Correctional Facility ("WCF") and Trousdale Turner Correctional Center ("TTCC").

317.    Because Defendant CoreCivic operates a prison housing individuals under confinement by Tennessee's Department of Corrections, it performs a public function traditionally reserved to the state and is therefore subject to suit under 42 U.S.C. § 1983.

318.    Defendant CoreCivic always mentioned herein is responsible for the establishment of policies either formally or by custom and is responsible for the employment, training, supervision and conduct of the officers and employees of its institutions.

319.    Defendant Correct Care Solutions, LLC ("CCS") is a corporate medical care provider and a for-profit Tennessee corporation organized in Kansas and doing business in the State of Tennessee with its principal street address located at 1283 Murfreesboro Road, Suite 500, Nashville, TN 37217. CCS is the corporate parent company of defendant Correctional Healthcare Companies, Inc. described in below.

320.    Defendant Correctional Healthcare Companies, Inc. ("CHC") is a for-profit located at 448 2nd Avenue North, Nashville, TN 37201. CHC is a direct or indirect wholly-owned subsidiary of CCS. At all times relevant to this Complaint, CHC contracted with Trousdale, Whiteville and Hardeman to provide medical services to inmates and implemented such care. At all times relevant to this Complaint, CHC was the direct employer of the Medical staff that caused the Plaintiff Mateem Hudson to suffer and Plaintiff Hudson continues to suffer compensable harm.

321.    Defendant Barry Hanks is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a Lieutenant at the Memphis Police Department. He is sued in his individual capacity.

322.    Defendant Major Mark Rosser is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an agent of the CPD at the Memphis Police Department. He is sued in his individual capacity.

323.    Defendant Amy Weirich is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a District Attorney at the Criminal Board of Shelby County. She is sued in her individual capacity.

324.    Defendant Abby Wallace is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a Assistant District Attorney at the Criminal Board of Shelby County. She is sued in her individual capacity.

325.    Defendant Chris West is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a Assistant District Attorney at the Criminal Board of Shelby County. He is sued in his individual capacity.

326.    Defendant Chris Craft is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a Judge/Administrative Officer at the Criminal Board of Shelby County. He is sued in his individual capacity.

327.    Defendant Jeff Woods is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an Officer of the Court at the Criminal Board of Shelby County, who's job is to move one into Roman 'Civil Law' Jurisdiction and then into Code and Rule Pleadings. He is sued in his individual capacity.

328.    Defendant Claiborne Ferguson is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an Officer of the Court at the Criminal Board of Shelby County, who's job is to move one into Roman 'Civil Law' Jurisdiction and then into

Code and Rule Pleadings. He is sued in his individual capacity.

329.　　Defendant Eric Mogy is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an Officer of the Court at the Criminal Board of Shelby County, who's job is to move one into Roman 'Civil Law' Jurisdiction and then into Code and Rule Pleadings. He is sued in his individual capacity.

330.　　Defendant Mozzella T. Ross is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an Officer of the Court at the Criminal Board of Shelby County, who's job is to move one into Roman 'Civil Law' Jurisdiction and then into Code and Rule Pleadings. She is sued in her individual capacity.

331.　　Defendant Lance Chism is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an Officer of the Court at the Criminal Board of Shelby County, who's job is to move one into Roman 'Civil Law' Jurisdiction and then into Code and Rule Pleadings. He is sued in his individual capacity.

332.　　Defendant Norma McGee Ogle is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an municipal Judge/Administrative Officer at the Tennessee Inc. She is sued in her individual capacity.

333.　　Defendant John Everett Williams is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an municipal Judge/Administrative Officer at the Tennessee Inc. He is sued in his individual capacity.

334.　　Defendant f/n/u/ Thomas, Jr is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an municipal Judge/Administrative Officer at the Tennessee Inc. He is sued in his individual capacity.

335.　　Defendant Herbert H. Slatery III is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an municipal Judge/Administrative Officer at the Tennessee Inc. He is sued in his individual capacity.

336.　　Defendant f/n/u Moore is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a Chief at the Criminal Board of Shelby County. He is sued in his individual capacity.

337.　　Defendant Lauren Dillon is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an correctional officer at Trousdale Turner Correctional Center ("TTCC"). She is sued in her individual capacity.

338.　　Defendant Raudy Rosario is an adult citizen of the State of Tennessee, and at all times

relevant to this Complaint, was employed as an correctional officer at Trousdale Turner Correctional Center ("TTCC"). He is sued in his individual capacity.

339.    Defendant Joshua Burries is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an correctional officer at Trousdale Turner Correctional Center ("TTCC"). He is sued in his individual capacity.

340.    Defendant Megan Lopez is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as an correctional lieutenant at Trousdale Turner Correctional Center ("TTCC"). She is sued in her individual capacity.

341.    Defendant Raymond Byrd is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a Warden at Trousdale Turner Correctional Center ("TTCC"). He is sued in his individual capacity.

Facts

342.    An accused Belligerent Claimant in person was charged in a Tennessee state court with T.C.A. 39-13-502; T.C.A. 39-13-303; and T.C.A. 39-13-210 and other crimes. Plaintiff was convicted of murder in the second degree and compelled to enter an Alford plea for T.C.A. 39-13-503. Plaintiff alleged that police, prosecutors, defense attorneys, the trial judge, an eyewitness, and court personnel conspired to secure plaintiff's conviction on charges of murder by manufacturing inculpatory evidence. Plaintiff alleges that the Appellate Court three judges and the State Attorney General are also liable for the continuation or procurement of malicious prosecution in their acts and omissions for failing to uphold plaintiff's federal rights against the trial courts incorrect legal standard for admitting 404(b) evidence that resulted in a miscarriage of justice.

## CAUSES OF ACTION

### Count One

False Arrest

Defendant Hanks

343.    Undersigned incorporates by reference the allegations of the primary habeas petition against defendant Barry Hanks as if fully set forth herein.

344.    Defendant Hanks is a "person" within the meaning of 42 U.S.C. § 1983.

345.    Defendant Hanks' actions and/or omissions were taken under color of state law based on his authority and official position as administrative supervisor employed by CITY OF MEMPHIS ,INC., and working at the Memphis Police Department.

346.     M:MH in his capacity as Relator aver and attest that the foregoing bogus charges that was filed against Mateem Hudson by the State of Tennessee is without any legal or lawful claim. The State of Tennessee has not brought forth a flesh and blood injured party or corpus delicti and therefore this case must be dismissed as a matter of law in the interest of justice.

347.     Plaintiff is not subject to any admiralty/maritime contract. Also see UCC 1-308. Furthermore, I am not a commodity or article of commerce. Wherefore no court can proceed in REM against a human being.

348.     The STATE OF TENNESSEE in its commercial capacity has unlawfully operated within the land of Tennessee in its original capacity as one of the several states of the union.

349.     THE STATE OF TENNESSEE has not provided evidence of any contract that the defendant is in breach of, or any proof of ratification of commencement.

350.     Plaintiff reserves the right not to be compelled to perform under any contract or commercial agreement that plaintiff did not enter knowingly, voluntarily and intentionally. And furthermore, the plaintiff does not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement.

351.     And further, the CITY OF MEMPHIS and its agents started this action in the commission of crimes and No legal proceeding can commence in the commission of a crime. See UCC 3-202.

## Count Two

### Fraud and Malicious prosecution

### Defendants Hanks, Weirich, Wallace, West, Rosser, and Craft

352.     The Fourth Amendment to the United States Constitution provides that people shall be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

353.     Defendants Hanks, Weirich, Wallace, West, Rosser , and Craft' actions or omissions in producing incriminating evidence constituted a violation and a deprivation of Plaintiff Hudson's rights under the Fourth, Eight and/or Fourteenth Amendments to the United States Constitution.

354.     Defendant Hanks, Weirich, Wallace, West, Rosser, and Craft' fabricated evidence caused Hudson to suffer harm and damages.

355.     Plaintiff Hudson pursues this claim for Fraud and Malicious prosecution and/or cruel and unusual punishment pursuant to the Fourth, Eight and/or Fourteenth Amendments.

356.     Defendants Hanks, Weirich, Wallace, West, Rosser, and Craft' actions or omissions were

made knowingly, intentionally, or with reckless disregrad for Plaintiff's rights.

357.      Defendants Hanks, Weirich, Wallace, West, Rosser, and Craft' conduct is actionable under 42 U.S.C. § 1983.

358.      As a direct and proximate result of the conduct of Defendants Hanks, Weirich, Wallace, West, Rosser, and Craft, Plaintiff Hudson has suffered and will continue to suffer compensable harm.

## Count Three

### Failure to Protect

### Defendant Moore, Hanks, Weirich, Wallace, West, Rosser, Craft, and Slatery

359.      Undersigned incorporates by reference the allegations of the foregoing paragraphs as though fully set forth at length herein.

360.      Defendants Moore, Hanks, Weirich, Wallace, West, Rosser, Craft, and Slatery are "persons" within the meaning of 42 U.S.C. § 1983.

361.      Defendants Moore, Hanks, Weirich, Wallace, West, Rosser, Craft, and Slatery' actions and/or inactions were taken under color of state law based on their authority and official position as public servants and employees with Shelby County Jail and Criminal Board of Justice in Memphis, Tennessee.

362.      Defendants Moore, Hanks, Weirich, Wallace, West, Rosser, Craft, and Slatery' actions and/or omissions constitute a violation and a deprivation of Plaintiff's rights under the Fourth, Eight, and/or Fourteenth Amendments to the United States Constitution.

363.      Defendants Moore, Hanks, Weirich, Wallace, West, Rosser, Craft, and Slatery failed to protect Plaintiff from harm.

364.      Defendant Moore, failed to protect Plaintiff Hudson from harm.

365.      Defendant Moore, Hanks, Weirich, Wallace, West, Craft, and Slatery knew or should have known that Plaintiff Hudson was assaulted, and/or violently attacked by another cellmate, on record at the Shelby County Jail (SCJ). That individual was a gang member and caused significant injury and hospitalization to the injured party after that individual was forced to enter the same cell assignment with Plaintiff Hudson, he was threatening bodily harm and had to be sprayed by Sgt. Hanson before being forced into the cell with Plaintiff Hudson. A few days later Plaintiff Hudson was viciously attacked while asleep on his bunk, he suffered a broken nose, and Defendants failed to take any action to stop future attacks at the hands of

another prisoner and/or STG members.

366.     Defendant Moore failed to protect Plaintiff Hudson from harm.

367.     Defendants Hanks, Weirich, Wallace, West, and Craft were aware that actions or omissions of Moore and deputy jailers was unlawful and constituted a violation of the Fourth, Eight, and/or Fourteenth Amendments of the United States Constitution.

368.     Defendants Hanks, Weirich, Wallace, West, Craft, and Slatery had a realistic opportunity to do something to prevent harm from occurring to Plaintiff Hudson, yet failed or refused to take any action.

369.     Defendants Hanks, Rosser, Weirich, Wallace, West, Craft, Slatery, Moore, Woods, Ferguson, Mogy, Ross, Chism, McGee Ogle, Everett Williams, and Thomas Jr., failed to take reasonable steps to prevent harm from occurring to Plaintiff Hudson.

370.     Defendants Hanks, Rosser, Weirich, Wallace, West, Craft, Woods, Ferguson, Mogy, Ross, Chism, McGee Ogle, Everett Williams, Thomas Jr., and Slatery' actions or omissions were made knowingly, intentionally or with reckless disregard for Plaintiff Hudson' constitutional rights.

371.     Defendants Hanks, Rosser, Weirich, Wallace, West, Craft, Woods, Ferguson, Mogy, Moore, Ferguson, Ross, Chism, McGee Ogle, Everett Williams, Thomas Jr., and Slatery' conduct is actionable under 42 U.S.C. § 1983, and caused Plaintiff Hudson to suffer harm.

372.     As a direct and proximate result of the Defendants' conduct, Plaintiff Hudson has suffered compensable harm.

## Count Four

### Failure to Train/Failure to Supervise

### Defendants CoreCivic et al

373.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth at length herein.

374.     Defendants Hanks, Rosser, Weirich, Wallace, West, Craft, Woods, Moore, Ferguson, Mogy, Ross, Chism, McGee Ogle, Everett Williams, Thomas Jr., Slatery knew or should have known that there actions or omissions would result in sending Plaintiff Hudson to a penitentiary that has a violent environment and a history of inmate assaults and that the Plaintiff would be particularly vulnerable to attacks by another prisoner.

375.     Under the Fourteenth Amendment to the United States Constitution, Plaintiff, M:MH, has a fundamental right to liberty, which includes the right to be free from physical attack. The

unprovoked attacks and infliction of pain and trauma on Plaintiff Hudson at the hands of STG members on the property managed by CoreCivic and its CEO Damon Hininger violated Plaintiff Hudson's substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

376.    The violations of Trustor's substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by Defendant CoreCivic et al, acting under color of state law, and by Defendant Hininger as CEO of CoreCivic, and his failure to properly hire and staff his employees at Hardeman County, Whiteville, and Trousdale, and properly supervise, train and/or control the correctional officers.

377.    The actions of the individual correctional officers, including Defendant f/n/u Fish, proximately caused Plaintiff's physical injuries, emotional distress and pain and suffering. These injuries were inflicted maliciously and sadistically to cause harm and were inflicted with a deliberate indifference to and disregard for Plaintiffs' rights secured by the First and Fourteenth Amendment and 42 U.S.C. § 1983.

378.    Plaintiff's physical injuries, emotional distress and pain and suffering were proximately caused by pattern and practice of Defendant CoreCivic and CEO Damon Hininger of failing to properly supervise, train and/or control corrections officers at aforementioned correctional facilities.

379.    Defendants CoreCivic and Damon Hininger as Ceo of CoreCivic's pattern and practice of failing to properly supervise, train and/or control its correctional officer employees in the use of excessive force constitutes deliberate indifference to Plaintiff's safety and wellbeing in violation of his rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

### Count Five

Defendants CoreCivic and unidentified wardens Established or Implemented a Custom or Practice That Cause f/n/u Fish, Dillon and/or Correctional Officer Does to Violate Plaintiff's Due Process Rights Under the Fourteenth Amendment To the United States Constitution

380.    Plaintiff incorporates by reference paragraphs 350 through 356.

381.    Under the Fourteenth Amendment to the United States Constitution, Plaintiff has a fundamental right to liberty which includes the right to be free from physical attack. The unprovoked attacked and infliction of pain upon Plaintiff, Hudson by another prisoner and

excessive physical force upon Plaintiff, Hudson by C/O Dillon and correctional officers Burries, Rosario violated Plaintiff's substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

382.     The violation of Plaintiff's substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by individual correctional officers acting under the direction and authority of Damon Hininger and by CoreCivic, acting under color of state law and by Wardens of aforesaid facilities custom and practice of allowing correctional officers to physically and emotionally abuse prisoners at aforementioned Correctional Facilities.

## CAUSE OF ACTION

383.     Defendant CORECIVIC created a policy or custom to use certain material at there facilities for its structural design that its prisoners take and make weapons with that caused significant injury to Plaintiff Hudson and the danger Plaintiff is facing is a "real and proximate" threat of serious physical injury that exist and still exist at the time this complaint was filed. Plaintiff Hudson suffers and continues to suffer compensable harm as a result.

384.     On or about August 2013 at Hardeman County correctional officer Doe who manned the metal detector at the cafeteria, negligently allowed an inmate to enter the chow hall without first going through the the metal detector. That prisoner was armed with a shank made from the same fencing material used to secure all prisoners within the compound to prevent them from escape.

385.     Inmate Robert Mclemore who was armed with the weapon and Artist Reese both attacked Plaintiff Hudson in the chow hall and caused significant injury to his body. Plaintiff Hudson suffered several puncture wounds and needed stitches to his lower jaw.

386.     The attackers above were members of a known street gang that caused Plaintiff Hudson to be administrated to protective custody. Plaintiff was later transferred to Whiteville Correctional Facility ("WCF").

387.     Defendant Correctional Healthcare Companies, Inc. ("CHC") misdiagnosed Plaintiff's mental health treatment at Hardeman County Correctional Facility ("HCCF") and administered him a drug that caused him to suffer erectile dysfunction.

388.     Plaintiff Mateem Hudson as a direct and proximate cause of medical malpractice has suffered and will continue to suffer compensable harm.

## Alleged Facts

389.     On or about June 21, 2018, Trustor was incarcerated at Whiteville Correctional Facility

in Whiteville, Tennessee.

390. As depicted on the prison's video footage, Relator was in his assigned cell when (2) two members of a known street gang from another pod was allowed to enter a restricted area by f/n/u Fish to intentionally and sadistically inflict physical harm to Plaintiff Hudson.

391. The gang members physically assaulted Plaintiff Hudson, and beat him.

392. The beating lasted for approximately 6-8 minutes, or however long the video feed shows them still inside the cell were the attack took place.

393. Relator' physical injuries included head trauma, from multiple blows to his face and forehead; lumps and contusion all over his face and forehead, a red swollen ear, trauma to both eyes; a broken nose, contusions on his abdomen and back, and a swollen left eye and a swollen right eye.

394. R,G,W,C, was taken to the outside medical hospital were his broken nose was treated by the medical staff.

395. Attackers inflicted intense fear, anxiety and emotional trauma, injuries and pain and suffering, on Plaintiff Hudson during their assault on him and in the days preceding the attack, attributed to their known street gang affiliation and policy or custom of CoreCivic to house STG members in the same resident with non-gang members.

396. Claimant attributes his assault to municipal employee gross negligence, and deliberate indifference to his health and safety and/or failure to protect.

## Count Six
### Excessive Force
### Defendants Dillon, Rosario, Burries, Lopez and Byrd

397. On or about January 30, 2021, Trustor was incarcerated at Trousdale Turner in Hartsville, Tennessee.

398. As depicted on the prison's video footage, Plaintiff Hudson was inside his cell in his bed around 22:00 hrs when Defendant Dillon, Rosario, and Burries lined up at his cell door.

399. Defendant Dillon, Rosario, and Burries created a policy or custom enabling them to perform cell searches for inmates found on their shift masturbating in their cells.

400. Defendant Dillon sprayed "mace" into Plaintiff's eyes while Plaintiff Hudson was inquiring and questioning their orders, and asking them to let him speak with the shift commander.

401.     Defendant Dillon sprayed mace on Plaintiff Hudson a second time.

402.     Plaintiff Hudson went down to the floor to allow Defendants Dillon, Rosario, and Buries to handcuff him.

403.     Grabbing Plaintiff Hudson around his shoulders and/or neck, Defendants Dillon, Rosario, and Burries took Hudson down to the floor and began to hit and/or strike him.

404.     Defendants sprayed mace on Plaintiff Hudson for a third time.

405.     Defendants Dillon, Rosario, and Burries hit and/or struck Hudson while in full restraints.

406.     Defendant Rosario picked up Plaintiff Hudson and during the escort to medical intentionally and sadistically applied an unnecessary and unreasonable wrist lock to Plaintiff Hudson' right hand and/or wrist.

407.     This unreasonable and unnecessary wanton infliction of pain lasted the entire way to medical and Plaintiff Hudson complained all the way that Defendant Rosario was trying to break his wrist.

408.     Ultimately, Plaintiff Hudson collapsed on the floor at the threshold of medical Complaining and seeking help from Defendant Rosario as depicted on the prison video footage.

409.     Defendant Lopez, after being informed of the violation against Plaintiff's Fourth and Fourteenth Amendment rights, failed to remedy the wrong.

410.     Instead, Defendant Lopez participated directly in the alleged constitutional violation by having Plaintiff Hudson unlawfully transferred to segregation stating "you must don't know what I do to inmates who jack off on my officers".

411.     Plaintiff was confined in segregation for approximately 20 days and Defendants lost or destroyed his property (television w/remote, lamp, surge protector, and reading books having sentimental value).

412.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

413.     Defendants Dillon, Rosario, Burries, Lopez and Byrd are "persons" within the meaning of 42 U.S.C. § 1983.

414.     Defendants Dillon, Rosario, Burries, Lopez and Byrd's actions and/or omissions were taken under color of state law based on his/her authority and official position as correctional officers employed by CoreCivic, Inc. and working at the Trousdale Turner Correctional Facility.

415.     The Fourth Amendment to the United States Constitution provides that people shall be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

416.     Defendants Dillon, Rosario, and Burries actions or omissions while inside the cell constituted a violation and a deprivation of Plaintiff Hudson's rights under the Fourth, Eighth and /or Fourteenth Amendments to the United states Constitution.

417.     Defendants Dillon, Rosario, and Burries' assault and/or attack on Plaintiff Hudson inside the initial cell caused Hudson to suffer harm and damages.

418.     The Defendants created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom.

419.     Defendant Lopez was grossly negligent in supervising subordinates who committed the wrongful acts, or the defendant exhibited deliberate indifference to the rights of Plaintiff Hudson by failing to act on information indicating that unconstitutional acts were occurring.

420.     Plaintiff Hudson pursues this claim for excessive force and/or cruel and unusual punishment to the Fourth, Eighth and/or Fourteenth Amendments.

421.     Defendants Dillon, Rosario, Burries, and Lopez' actions or omissions were made knowingly, intentionally, or with reckless disregard for Plaintiff's rights.

422.     Defendants without any penological objectives failed to control the use of chemical agents, and placed the injured party in administrative segregation as a retaliatory adverse action for constitutionally protected conduct.

423.     Prisoner had a limited privacy right in his cell entitling him to protection against searches conducted solely to harass or humiliate.

424.     Defendants owed Plaintiff a duty of reasonable care. Defendants owed Plaintiff a duty, on no occasion, ill treat or abuse any convict under care, beyond the punishment ordered by law, or the rules and regulations of the institution.

425.     Plaintiff filed a grievance requesting a solution for this breach of trust.

426.     Grievance # 5724 / 347306

427.     Defendants Dillon, Rosario, Burries, and Lopez' conduct is actionable under 42 U.S.C. § 1983.

428.     As a direct and proximate result of the conduct of Defendants Dillon, Rosario, Burries, and Lopez, Plaintiff Hudson has suffered and will continue to suffer compensable harm.

## Count Seven

### Excessive Force and/or Failure to Protect

### Defendants Dillon, Rosario, Burries, and Lopez

1. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though fully set forth at length herein.

2. Defendants Dillon, Rosario, Burries, and Lopez are "persons" within the meaning of 42 U.S.C. § 1983.

3. Defendants Dillon, Rosario, Burries, and Lopez' actions and/or inactions were taken under color of state law based on their authority and official position as correctional officers and employees with CoreCivic, Inc., and employed at Trousdale Turner in Hartsville, Tennessee.

4. Plaintiff Hudson filed an grievance requesting a solution for this incident.

5. Defendants Dillon, Rosario, and Burries used excessive force against the Plaintiff Hudson, and failed to protect Plaintiff from harm.

6. Defendant Dillon failed to protect Plaintiff Hudson from harm.

7. Defendant Lopez failed to protect Plaintiff Hudson from harm.

8. Defendant Byrd failed to protect Plaintiff Hudson from harm.

9. Defendants Dillon, Rosario, and Burries observed one another assault, physically attack and/or brutally beat Plaintiff Hudson, and failed to take any action to stop the attack.

10. Defendants Dillon, Rosario, Burries and Lopez was aware that the actions or omissions of another correctional officer was unlawful and constituted a violation of the Fourth, Eighth, and/or Fourteenth Amendments of the United States Constitution.

11. Defendants Dillon, Rosario, Burries, and Lopez had a realistic opportunity to do something to prevent harm from occurring to Plaintiff Hudson, yet failed or refused to take any action.

12. Defendant Dillon, Rosario, Burries, Lopez, and Byrd failed to take reasonable steps to prevent harm from occurring to Plaintiff Hudson.

13. Defendants Dillon, Rosario, Burries, Lopez, and Byrd's actions or omissions were made knowingly, intentionally or with reckless disregard for Plaintiff Hudson's constitutional rights.

14. Defendants Dillon, Rosario, Burries, Lopez, and Byrd' conduct is actionable under 42 U.S.C. § 1983, and caused Plaintiff Hudson to suffer harm.

15. As a direct and proximate result of the Defendants' conduct, Plaintiff Gilbert has suffered compensable harm.

### **Count Eight**

### Failure to train/Failure to Supervise

### Defendants CoreCivic and Byrd

444.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth at length herein.

445.     Under the Fourteenth Amendment to the United States Constitution, Plaintiff Mateem Hudson, has a fundamental right to liberty, which includes the right to be free from physical attack and cruel and unusual punishment. The unprovoked attack and infliction of excessive physical force on Plaintiff Hudson for masturbating inside his cell when Defendant Dillon was conducting a security check violated Plaintiff Hudson's substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

446.     The violations of Plaintiff's substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by Defendants Dillon, Rosario, Burries, and Lopez acting under color of state law, and by Defendant Byrd as Warden at Trousdale, and his failure to properly supervise, train and/or control the correctional officers.

447.     Plaintiff's physical injuries, emotional distress and pain and suffering were proximately caused by the pattern and practice of Defendant CoreCivic and Warden Raymond Byrd who created a policy or custom to use pepper spray on his prisoners after the first directive and allowed the continuance of such a policy or custom.

448.     Defendant Raymond Bryd was grossly negligent in supervising subordinates who committed the wrongful acts, including Defendant Lopez, after being informed that Defendant Dillon is committing unconstitutional practices of shaking down cells for allegations of indecent exposure failed to act on information indicating that unconstitutional acts were occurring and/or allowed the continuance of such a policy or custom.

449.     The violation of Plaintiff's substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by the individual correctional officers named in this complaint acting under the direction and authority of Lieutenant Megan Lopez, acting under color of state law and by CoreCivic and Raymond Byrd acting as Warden of Trouble's custom and practice of allowing correctional officers to physically and emotionally abuse prisoners in the Trousdale Turner Correctional Facility.

450.     As a direct and proximate result of the Defendants' conduct, Plaintiff Hudson has suffered compensable harm.

### **Count Nine**

Defendants CoreCivic, CorrectCare Solutions and Raymond Byrd Implemented a Custom or

Practice Condoning the Denial of Necessary Medical Care to Inmates at Trousdale in violation
of Plaintiff's Due Process Rights under the Fourteenth Amendment

451.     Plaintiff incorporates by reference paragraph 371 through 450 as if fully set forth herein.

452.     Under the Fourteenth Amendment to the United States Constitution, Trustor has a
fundamental right to liberty, which includes the right to be free from the unnecessary and
wanton infliction of pain. The denial of medical care by employees of CoreCivic and/or
CorrectCare Solutions' staff acting under color of state law amounted to deliberate indifference
to serious medical needs of the Plaintiff, and constituted unnecessary and wanton infliction of
pain in violation of the Fourteenth Amendment to the United States Constitution.

453.     The actions of the individual Defendants acting under color of state law directly and
proximately caused Plaintiff Hudson's physical injuries, emotional distress, and pain and
suffering. These injuries were inflicted with a deliberate indifference to and disregard for
Plaintiff's rights secured by the Fourteenth Amendment and 42 U.S.C. § 1983.

454.     Plaintiff Hudson's physical injuries, emotional distress and pain and suffering were
proximately caused by the custom and practice of Defendants CoreCivic, CorrectCare Solutions
and/or Warden Raymond Bryd to disregard serious mental health needs of prisoners exhibiting
sex-addiction and habitual impulse to masturbate amounting to deliberate indifference.

455.     Employees, officers and/or agents of CoreCivic, who were under the direct control and
supervision of Warden Raymond Byrd at Trousdale, as well as medical staff of CorrectCare
Solutions, regularly disregarded and denied Plaintiff Hudson's mental health requests and failed
to act on information focused particularly on his abnormal behavior.

456.     Plaintiff Hudson was denied adequate mental health treatment, and was treated different
and more harshly than other prisoners across the United States in same or similar situations that
have the means and or privilege to view sexual explicit materials and/or have conjugal visits to
have an healthy outlet, which would have been the magazines, or the conjugal visits with
women, contending that some jurisdictions use exposure to pornography as part of the treatment
of sex offenders).

457.     That loss of stimulation, Plaintiff Hudson contends, has led to suffering and increased
stress and has made Plaintiff Hudson resort to objectifying female TTCC employees.
Acknowledging that without nude magazines or conjugal visits, Plaintiff Hudson sees TTCC
female employees in a more sexual way creating mental delusions and/or emotional attachments
to TTCC female employees that often engage in staff on inmate voyerism cumulative to a

wanton and unnecessary infliction of pain and suffering without any penological objectives.

458.    The lack of disciplinary reports at Trousdale compared to other institutions managed and operated by the private firm CoreCivic attest to the foregoing complaint of being denied adequate treatment for his mental health.

459.    Plaintiff Hudson contend that he has been denied pornography to satisfy emotional, psychological and sexual needs that should come from "appropriate sexual partners."

460.    Plaintiff contends that he was given pills to ingest by mental health without being put on notice that they were given to cause the erectile dysfunction complained of.

461.    Plaintiff Hudson's physical injuries, emotional distress, and pain and suffering were proximately caused by Defendants' failure to provide adequate medical and mental health needs to competently deal with inmate's condition of confinement. The custom and practice of Defendants CoreCivic, Correct Care Solutions and/or Warden Raymond Byrd, who was responsible for the training, supervision and conduct of the agents or employees of Correct Care Solutions, which subcontracted with CoreCivic For medical services at Trousdale, failed to provide adequate medical staffing which constituted deliberate indifference to Plaintiffs safety in violation of his rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## Count Ten

### (Battery)

### Defendants Dillon, Rosario, and Burries

462.    Plaintiff incorporates by reference the foregoing allegations as though fully set forth at length herein.

463.    Defendants Dillon, Rosario, and Burries acted with intent to cause Plaintiff Hudson to suffer serious bodily harm.

464.    As alleged above, and while in their custody, Defendants Dillon, Rosario, and Burries inflicted a harmful or offensive contact onto the Plaintiff Hudson's person. Specifically, Defendant Dillon, after Plaintiff inquired into why the need for a cell search immediately sprayed Plaintiff Hudson in the face and continued to use her mace upon his person.

465.    Defendants force was excessive by any measure and was without authorization given the fact that *men rea* is that Defendant Dillon reported to the other Defendants that Plaintiff Hudson was inside his cell masturbating, and a disciplinary report is the only action that can initiate.

466.    The amount of force used on Plaintiff Hudson was harmful and offensive and outside the

scope of any privilege or consent.

467.     As a direct and proximate result of the actions and inactions of Defendants, jointly and severally, Plaintiff Hudson has suffered pecuniary damages.

### Count Eleven

### (Negligence)

### (All Defendants – Tennessee Common Law)

468.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs 1 through 433 as though fully set forth at length herein.

469.     Plaintiff claims against All Defendants are brought against them in their official and individual capacities.

470.     The officers' actions were made within the scope of their employment or were criminal, malicious, willful and wanton, or calculated to benefit the employee personally.

471.     Defendants owed Plaintiff a duty.

472.     Defendants breached their respective duty or duties by allowing their conduct or inaction to fall below the standard of care that it owed to Plaintiff.

473.     Defendants breach of that duty proximately caused compensable injury to Plaintiff.

474.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and will continue to suffer compensable harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mateem:Hudson brings this action against the Defendants, jointly and severally, and respectfully prays for the following relief:

1. I, M-M:H, as human d/b/a Director/Creditor on the private side, do hereby direct that this account be settled for immediate closure and then closed.

2. Accordingly, as the innocent party, and in my capacity as Trustor do direct this Honorable Court to appoint an interim trustee over MH's "affairs of state" to offer legal advice to petitioner/plaintiff 42 U.S.C. § 1983 claims.

3. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

4. The case involves medical issues that may require expert testimony.

5. This case will require discovery of documents and depositions of a number of witnesses.

6. As set forth in the Memorandum of Law , these facts, along with the legal merit of plaintiff's claims, support the appointment of interim trustee and/or counsel to aide the plaintiff.

7. *The ability of the indigent to present his claim.* The Trustor is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997). In addition, he is confined to a unique facility with very limited access to legal materials. *Rayes v. Johnson,* 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack for ready access to a law library as a factor supporting appointment of counsel).

8. *Legal complexity.* The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. *Hendricks v. Coughlin,* 114 F.3d 390, 394 (2d Cir. 1997) (holding complexity of supervisory liability supported appointment of counsel).

9. Enter judgement in favor of Plaintiff for injury and damages incurred, pain and suffering during the unlawful duration of his confinement and/or condition of his confinement in the amount of **$ 720,000,000 i.e. Seven Hundred and Twenty Million Dollars USD.**

10. As a result and direct and proximate cause of false imprisonment, which resulted in his body being exposed to many communicable diseases such as HIV, AIDS, Hepatitis A, Hepatitis C, Coronavirus,and Depravity.

11. Medical malpractice a direct and proximate cause to plaintiff's erectile dysfunction.

12. Food lacking furbish a direct and proximate cause of plaintiff's non congenial contracted hernia and internal hemorrhoids.

13. Defendants violated Plaintiff's free exercise of religion a direct and proximate cause why Plaintiff Hudson has no children, and he attributes his injury and suffering to Defendants conduct in preventing him from serving his God by raising a family; and placing him under duress.

14. Plaintiff Mateem Hudson was 30 years old when he was arrested on or about December 14, 2008 and now remains incarcerated under malicious prosecution, fraud, illegal detention, etc. As a result, Plaintiff experienced "misery, mental

anguish, mental pain, emotional harm, defamation, psychological stress and trauma. Plaintiff Hudson was injured in his health and has suffered and will continue to suffer and his injuries sustained while being deprived of his right to remain at liberty is rendered in the amount of **Seven Hundred and Twenty Million USD Dollars ($ 720,000,000),** which The Plaintiff will receive in money of account [see U.S. Const. Art. 1, § 10, cl. 1] or in lieu of money of account, Plaintiff will receive <u>without prejudice</u> payment in Treasury Notes, Federal Reserve – Notes, or a Bank Draft of the United States – Dollars (USD) or whatever currency is prescribed as lawful currency in satisfaction of all debts Public and Private in the County in which this "Demand Settlement and Closure" will be executed.

15. Me, being the [Article 4, § 2, cl. 1, Citizen] who has immunity from CORPORATE private policies, rules and regulations, and statutes, (specifically Tennessee Code Annotated) all being the policies and customs of the municipality that was the moving force that caused the Complaining party to be subjected to rigor; because of the inherent freedom and liberty that I and every "Man" (Living Soul) has, to contract or not [T.C.A. 47-1-103(6)], the ALT/Corporate Court does not have personam jurisdiction over the undersigned, Living Soul, as I do not consent. I do not choose to do business, other than this agreed upon settlement and closure, with this ALT / Corporate Court unless under written consent by both parties. [T.C.A. 47-1-103 et. Seq.]

16. Tennessee Constitution Article 1 § 13 **Treatment after arrest.** That no person arrested and confined in jail shall be treated with unnecessary rigor.

17. Tennessee Constitution Article 1 § 17 **Open Courts > Redress of injuries > Suits against the State.** That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

18. **2000bb-1(c) Judicial relief.** A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a

government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

19. Any action taken in the future by this or any other ALT / Corporate Court in the Tennessee State, or any other State in the Union, against the Undersigned, shall be considered an act of treason [18 USC § 2381] against me, one of "We the People" and against the peace and dignity of "We the People" of the united states of 1789. [US v. Will, 449 US 200, 216, 101 S Ct, 471, 66 L Ed 2d 392, 406 (1980) Cohens v. Virginia, 19 US (6Wheat) 264, 404, 5L Ed 357 (1821) (**"When a judge acts where he or she does not have jurisdiction to act, the judge is engaged in an act or acts of treason"**).

20. **<u>The criminal penalties for commercial fraud are determined by jury, by law,</u>** the monetary value is set by Me for violation against My rights, for breaching the law, the contract, the Constitutions in the sum certain amount as stated herein for dollars specie silver coin lawful money for the united states of America as defined by Article I, Section 10 under the Constitution, by We the People for the united states of America and will be due and payable on the event of My immediate release from this unlawful false imprisonment/tort.

The Undersigned, **I, Me, My, Myself, the Agent** holder in due course for original, do herewith declare, state and say that I, Agent, issue this with sincere intent in truth, that I, Me, the undersigned Agent, am competent by stating the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, reasonable, not misleading, and by My best knowledge, by Me undersigned addressee.

Notice for agent is notice for principal and notice for the principal is notice for the agent. Notice for the county clerk for the county of <u>Shelby</u>, state of Tennessee, and record court for original jurisdiction, is notice for all.

**This instrument was prepared by Mateem-Malik:Hudson**

Acceptance:

**MATEEM M HUDSON, GRANTOR SECURED PARTY SIGNATURE**

## Witnesses Notice

*Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner. The purpose for notary is verification and identification only and not for entering into any foreign jurisdiction so help me God.*

### Jurat

Trousdale County

Tennessee statement

Subscribed and affirmed before me this 29th day for the *June* month in the year of Two Thousand and Twenty One, A.D.

Notary *W Grady*

Seal

Address of Notary *140 Macon Way Hartsville TN 37074*

My Notary Expires *10/25/2021*

## Certificate of Service

This is for certifying that a true copy for the foregoing document, Verified Declaration in the Nature by an Affidavit for Truth in Commerce Presented by me, was mailed, postage paid, by U.S. Mail on this *29th* day of *June* 2021 to Western Division Office of the Clerk at 242 Federal Building Memphis, Tennessee 38103.

## Asserveration

**I, Me, My, Myself, the Agent,** Mateem-Malik:Hudson sui juris, a republic of Tennessee National American Sovereign neutral non-combatant by law declare to all Corporate combatant FEDERAL and/or 3 rd parties that I am <u>not</u> a CORPORATION and/or UNITED STATES / STATE Citizen or Created Fiction and I am accepting all Oaths and Affirmations declared Under Penalties of Perjury so help me God and returning any/and all actions from the same being brought / sought against me for want of Geographical jurisdiction and Venue.

Without Prejudice UCC – 1-308

Mateem-Malik:Hudson

Address:   Without Prejudice
           F.D.O.C. 505868
           C/O  T.T.C.C.
           140 Macon Way
           Hartsville, TN  37074